UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARZA,<br><br>    Plaintiff,<br><br>v.<br><br>AMADOR SUPERIOR COURT, et. al.,<br><br>    Defendants. | No. 2:17-cv-2398 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 7. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. The undersigned, however, will not permit plaintiff to amend the complaint and declines to convert this action to a habeas matter. Instead, it will be recommended that this action be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration and a supporting document that make the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 7. Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.   PLEADING STANDARD

   A.   Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

   B.   Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

////

3

1 | Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

IV. PLAINTIFF'S COMPLAINT

The complaint names the Amador County Superior Court and Judge Renee C. Day of that court as defendants. See ECF No. 1 at 1-2. Plaintiff alleges that defendants violated his rights under the First, Fifth and Fourteenth Amendments when Judge Day denied his habeas petition using case law that did not support the reasons stated for the denial. See id. at 3. He also contends that Judge Day "may have illegally forged [a] document in [his] petition using unrelated case law." ECF No. 1 at 3. Plaintiff states that as a result, he has an additional six years of enhancements added to his sentence. This, he contends, constitutes illegal restraint and/or false imprisonment on the part of the Amador County Superior Court. See id. at 3-4.

The relief plaintiff requests is an order releasing him from prison. He also asks that punitive damages be assessed against the Amador County Superior Court in the amount of $200,000.00. See id. ECF No. 1 at 4.

V. DISCUSSION

A. Additional Facts

Plaintiff's sole claim in the complaint reads as follows:

> On 8-17-2017 I filed a appeal habeas corpus with Amador Superior court on my conviction case # 11-CR, 18598 (Apr 3-2012) (sentenced) that I recieved 2 illegal enhancements that my attorney failed to show during trial. first enhancement doubled my sentence of 3 years for a prior strike. Second enhancement was for a GBI and was another 3 years added. I sent all prior abstract of judgements showing I have no prior strikes. I sent transcripts showing victim only sustained a fractured wrist which is not a G.B.I in People v. Taylor (2009) 118 Cal.App.4th 11 and my GBI charge was repled in 2012 3 months before I was charged. Judge Renee C. Day illegally denied petitioner habeas corpus using case law that did not support reasons for denying, and may have illegally forged document in petition using unrelated case law. I have a total of 6 years for both enhancements, when with out the 6 year on my sentence I would have been released on 3-30-17 of this year. I have all supporting documents but the Superior Court is illegally keeping me restrained over my parole date.

ECF No. 1 at 3 (verbatim).

////

////

4

B.  Analysis

    1. The Pleading is Improperly Filed as a Civil Rights Complaint

A habeas corpus petition is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, a civil rights action is to be used by a prisoner when he challenges the conditions of his confinement. See Badea, 931 F.2d at 574.

The facts plaintiff alleges do not involve the conditions of his imprisonment as a civil rights complaint requires. See generally ECF No. 1 at 3. To the contrary, the core of plaintiff's claim is his dissatisfaction with the length of his sentence, as evidenced by the fact that plaintiff seeks an immediate release from prison as part of his remedy. See ECF No. 1 at 4. Section 1983 actions do not lie when a state prisoner challenges the fact or duration of his confinement and seeks immediate release from prison. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (citing Preiser, 411 U.S. at 489). Therefore, this matter may not proceed as a civil rights action under § 1983. If it is to proceed at all, it must do so as a habeas action. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (citing Padilla v. Ackerman, 460 F.2d 477, 478 (9th Cir. 1972) as example) (stating when prisoner's Section 1983 claim indicates clear intent to state habeas claim, district court should treat complaint as habeas petition).[1]

    2. An Amended Civil Rights Complaint Would Be Futile

Normally, a plaintiff who has filed a deficient civil rights complaint is given leave to amend it. A grant of leave to amend is within the sound discretion of the court, and it is freely given unless amending the complaint would be futile. See Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (stating leave to amend is within discretion of court); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (citation omitted) ("A district court does not err in denying leave to

---

[1] Even if plaintiff's complaint were cognizable under § 1983, the named defendants, Amador County Superior Court and Superior Court Judge Renee C. Day, are immune from suit. See Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir 2003) (stating lawsuits against superior courts are barred by Eleventh Amendment); see also In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (stating absolute judicial immunity is afforded to judges for acts performed relating to judicial process even when it is alleged action was driven by malicious or corrupt motive).

amend where the amendment would be futile.").

Because plaintiff cannot challenge his sentence in a civil rights complaint, amendment would be futile. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (stating grant of leave to amend not required if pleading cannot possibly be cured by allegation of other facts).

### 3. The Court Will Not Recharacterize the Pleading as Habeas Petition

The Supreme Court has stated that a pro se litigant's civil rights complaint may be recharacterized as a habeas petition. See Castro v. United States, 540 U.S. 375, 383 (2003); see generally Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (citing Castro). For the following reasons, however, recharacterization as a habeas petition is not appropriate here.

Plaintiff has previously challenged the imposition of enhancements on his sentence on federal habeas review and that the matter has been fully adjudicated. See Garza v. Cates, No. 2:18-cv-2265 CKD P (E.D. Cal. Mar. 19, 2019) ("Cates").[2] The habeas petition expressly challenged the imposition of the two three-year enhancements. See Cates, ECF No. 1 at 5, 7. Ultimately, the District Court found that these claims were time-barred.[3] See Cates, ECF Nos. 14, 15. A dismissal of a claim because it is time-barred constitutes an adjudication on the merits. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (citing Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005)). Accordingly, plaintiff is statutorily barred from pursuing another habeas action involving his sentence. See 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed."); see also McNabb, at 1030 (holding dismissal of Section 2254 petition as time-barred renders subsequent petitions second or successive); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (defining successive petition as one that raises claims that were or could have been raised on merits in earlier petition).

---

[2] The court takes judicial notice of Cates. See Fed. R. Evid. 201; see, e.g., Diamond v. Pitchess, 411 F.2d 565, 566 (9th Cir. 1969) (stating court may take judicial notice of own records to determine whether in forma pauperis complaint should be dismissed).

[3] The matter is currently on appeal in the Ninth Circuit. See Cates, ECF Nos. 17-19.

6

Moreover, the fact that plaintiff seeks damages weighs against construing his pleading as a habeas petition. Damages are neither appropriate nor available on habeas review. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (citation omitted).

Finally, it is not clear that plaintiff intended to bring a habeas petition. When a plaintiff's intentions are not clear, the court should not convert a defective Section 1983 complaint into a habeas petition. See Trimble, 49 F.3d at 586.

## VI. CONCLUSION

For all these reasons, the court will recommend that this action be dismissed for failure to state a claim upon which relief may be granted. See Hishon, 467 U.S. at 73.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign a District Court Judge to this action;

2. Plaintiff's motion to proceed in forma pauperis filed November 6, 2017 (ECF No. 2) is GRANTED, and

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

IT IS FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED without leave to amend, for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7